91 F.3d 133
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald G. STANCILL; Peggy T. Stancill; Kenneth Stancill;
Barbara Stancill; Edward Dean Grant; Wallace E. Jones;
Edna P. Jones; Roy E. Hughes; Brenda B. Hughes; Margie L.
Grant; Marian Kittle; William E. Clark; William Corbett,
and Wife; Mary Corbett; James S. Corbett; Roxanne
Corbett, Plaintiffs-Appellants,
v.
E.I. Du Pont De NEMOURS and Company, Incorporated, Defendant-Appellee.
 No. 95-2560.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 4, 1996.
Decided: May 21, 1996.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-59; CA-91-57; CA-91-56; CA-91-55; CA-91-136; CA-91-62; CA-91-138; CA-91-61; CA-91-60; CA-91-137)
 ARGUED: Anthony Zell Roisman, COHEN, MILSTEIN, HAUSFELD & TOLL, Washington, DC, for Appellants. Raymond Michael Ripple, Senior Counsel, E.I. DU PONT DE NEMOURS & COMPANY, Wilmington, DE, for Appellee. ON BRIEF: Richard Z. Lewis, COHEN, MILSTEIN, HAUSFELD & TOLL, Washington, DC, for Appellants. Marvin K. Blount, Jr., Greenville, NC; James F. Hopf, Greenville, NC; Marvin Schiller, Raleigh, NC, for Appellants. Jonathan D. Sasser, MOORE & VAN ALLEN, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and LUTTIG, Circuit Judges, and LAY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants and a number of other plaintiffs below not parties to this appeal are property owners in the vicinity of a DuPont parts washing facility. They brought this consolidated suit seeking compensatory and punitive damages on state law theories of trespass, nuisance, negligence, and strict liability,* claiming that DuPont's release, over a period of 20 years, of wash water and gases allegedly containing hazardous substances caused a diminution in their property values, loss of use and enjoyment of that property, damage to their quality of life, increased probability of disease in the future, probable future contamination of the groundwater, and emotional distress.
 
 
 2
 The district court ordered all plaintiffs to have an expert analyze their property for contaminants. Appellants are those plaintiffs whose properties were found to contain no contaminants. The district court granted summary judgment for DuPont against these particular plaintiffs because, without physical damage to their own properties as opposed to mere diminution of property value or emotional distress, none of the causes of action--trespass, nuisance per accidens, or negligence--can be sustained under North Carolina law.
 
 
 3
 We have read the briefs, heard oral argument, and given thorough consideration to the parties' contentions. Finding no error in the opinion of the court below, Grant v. E.I. DuPont De Nemours & Co., Inc., No. 4:91-CV-55-H (E.D.N.C., July 13, 1995), we affirm on the reasoning of the district court.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Appellants have abandoned their strict liability claims on appeal