Robert B. BROOKS, and wife,
Ruth Brooks, Plaintiffs,

v.

E.I. DU PONT DE NEMOURS AND
COMPANY, INCORPORATED,
Defendant.

Thomas A. TAYLOR, and wife,
Tina Taylor, Plaintiffs,

v.

E.I. DU PONT DE NEMOURS AND
COMPANY, INCORPORATED,
Defendant.

Nos. 4:91–CV–58–H, 4:91–CV–139–H.

United States District Court,
E.D. North Carolina,
Eastern Division.

Sept. 5, 1996.

Marvin Schiller, Raleigh, NC, Marvin K. Blount, Jr., Law Office of Marvin Blount, Jr., James F. Hopf, Greenville, NC, for Robert R. Brooks.

David E. Fox, Jonathan D. Sasser, Curtis J. Shipley, Moore & Van Allen, Raleigh, NC, for E.I. Du Pont De Nemours and Company, Incorporated.

## ORDER

MALCOLM J. HOWARD, District Judge.

On July 13, 1995, this court entered a summary judgment order in nine related causes of action in which the plaintiffs conceded that their land had not been contaminated. This matter is before the court because the defendant ("Du Pont") claims that although the plaintiffs in the two above-cap-

tioned actions have not admitted that their properties are uncontaminated, the court's reasoning in its prior summary judgment order is applicable because the plaintiffs' land has not, in fact, been contaminated.

## Discussion

In the court's previous summary judgment order, nine plaintiffs' causes of action were dismissed because of their failure to demonstrate that their property had been contaminated, resulting in damage. With respect to the two plaintiffs presently at issue, they argue that based on the opinions of experts, both of their properties have been contaminated, and this contamination was caused by Du Pont. Du Pont argues that, even assuming plaintiffs' experts' estimated contamination is accurate and reliable, the level of contamination does not exceed North Carolina groundwater quality standards.

▋ Instead of arguing that expert opinion estimates that the level of contamination has in fact exceeded the North Carolina standards, plaintiffs urge that it is not necessary for contamination to reach a level exceeding groundwater standards before such contamination is actionable. The court, however, finds this argument unpersuasive. According to the North Carolina Administrative Code, the groundwater quality standards represent the "maximum allowable ... concentrations which may be tolerated without creating a threat to human health or which would otherwise render the groundwater unsuitable for its intended best usage." N.C.Admin.Code tit. 15A, r. 2L.0202 (Nov. 1994). The General Assembly has apparently determined that levels of contaminants which fall below the maximum allowable concentration do not pose a threat; rather, such levels pose an acceptable risk. Accordingly, since the levels of contaminants estimated by plaintiffs' experts fall below the maximum allowable concentration for all contaminants at issue, the plaintiffs have failed to demonstrate even a prima facie showing that they have been damaged under North Carolina regulations.

Despite the North Carolina guidelines, plaintiffs rely on *Carroll v. Litton Systems, Inc.,* an unpublished opinion, 47 F.3d 1164 (table), 25 Envtl.L.Rep. 20,605, 1995 WL 56862 (4th Cir.1995), as support for their argument that contamination which falls within acceptable statutory guidelines is still actionable. Plaintiffs' reliance on *Carroll* is misplaced, however, as *Carroll* is factually distinguishable from the facts at issue here. In deciding whether a group of plaintiffs whose land contained average concentrations of contaminants which fell below EPA standards could recover on a nuisance claim, the Fourth Circuit conceded it was faced with a "difficult problem." *Id.* at *6. However, the court relied on the plaintiffs' health problems, which were consistent with exposure to the contaminant, and the fact that the defendant had last used the contaminant twelve years prior to testing to reverse the lower court's grant of summary judgment. *Id.* In so doing, the Fourth Circuit found that a reasonable juror could infer that the concentrations of the contaminant were considerably higher in the past and that the contaminants did cause substantial injury and actual damage to the plaintiffs. *Id.*

Unlike the plaintiffs in *Carroll,* Brooks and Taylor have not suffered any injury as a result of the contaminated water. Notwithstanding the lack of any injury, plaintiffs still urge that a reasonable juror could find that the concentration of contaminants in wells on plaintiffs' properties was significantly higher in the past. In response to Du Pont's motion for summary judgment, plaintiffs Brooks and Taylor submitted a second affidavit from Mr. Ellis, one of their experts, in which Mr. Ellis testifies that in his opinion "... the levels of contaminants detected both at the Facility and on these Plaintiffs' property were considerably higher in the past...." (Second Ellis Aff. para. 5.) However, in a previous affidavit, Mr. Ellis testified that contamination off the facility premises was increasing, not decreasing. (First Ellis Aff. para. 15). Additionally, when deposed, Mr. Ellis was asked about the changes in the level of contamination of a well in issue, and he responded that he couldn't tell whether levels of contaminants in the well had gone up over time or not, that he had "insufficient information to draw any conclusion." Deposition of Richard Ellis, Tr. 326, 332. Yet no additional testing has apparently been performed since Mr.

**450**

Ellis' deposition. Def.'s Reply Mem.Supp. Summ.J. at 6.

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

▌ In light of the requirements of a successful summary judgment motion, the Fourth Circuit has stated that "a genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984) (quoting *Radobenko v. Automated Equipment Co.*, 520 F.2d 540, 544 (9th Cir.1975)). Further, the Fourth Circuit warned that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (quoting *Perma Research and Development Co.*, 410 F.2d 572, 578 (2d Cir.1969)).

▌ The court finds the Fourth Circuit's language particularly relevant to the case at hand. As this litigation has been in motion since 1991, and Mr. Ellis had given deposition testimony and an affidavit prior to defendant's present motion for summary judgment, the court finds it interesting that this issue of fact arises only in response to Du Pont's summary judgment motion. As the court finds that this issue amounts to nothing more than plaintiffs' expert witness contradicting himself, the type against which the Fourth Circuit has cautioned, the court deems it insufficient to warrant a trial. Therefore, since the plaintiffs have failed to allege sufficient past or present contamination in violation of the North Carolina groundwater guidelines, Du Pont is entitled to judgment as a matter of law for the reasons articulated in the court's order of July 13, 1995 and affirmed by the Fourth Circuit. *Stancill v. E.I. Du Pont de Nemours and Co.*, No. 95–2560, 1996 WL 267327 (4th Cir. May 21, 1996).

Conclusion

For the foregoing reasons, defendant Du Pont is entitled to judgment as a matter of law on each of the four claims asserted against them by the plaintiffs in the two cases identified in this order. Accordingly, Du Pont's motion for summary judgment is hereby GRANTED. The clerk is directed to enter judgment for the defendant and close the following cases: *Robert and Ruth Brooks v. Du Pont*, 4:91–CV–58–H and *Thomas and Tina Taylor v. Du Pont*, 4:91–CV–139–H.